Hitchcock, J.
The claim of the complainants is not barred by the statute of limitation, for the bill was filed and subpoena served in January, 1825, being but little more than twenty years after the right of action accrued, whereas, under the statute, no period of time less than twenty-one years would operate as a bar.
Whether the acknowledgment of the deed executed in November,. 1824, is defective, so far as the wife is concerned, we do not deem it necessary to decide. It is a question upon which the Court is divided in opinion, and if the determination of the case depended alone upon the decision of that question, it would, probably remain undetermined.
The subject of dower, in this State, is regulated by statute, and the act upon this subject provides, in the first section, “ That the widow of any person dying, shall, be endowed of £ one full and equal third part of all the lands, tenements and £ real estate of which her husband was seized, as an estate of £ inheritance, during the coverture; and she shall in like man-c ner be endowed of one-third part of all the right, title or £ interest that her husband, at the time of his decease, had in *676 ‘ any lands and tenements held by bond, article, lease or other f' evidence of claim;”' There is no. mistaking of the provisions of this law.' Its terms.are clear, precise and explicit.. That a . widow may have dower, her husband must have had,..át some time during the coverture,' a legal .title to the premises in which dower is .demanded, or he must-have' had an equitable interest, at the time of his death. If, at any time during coverture' Of Adbéel Coleman with the complainant, Rachel Rand,, he. had a legal title to the land now in controversy, or if, he h'ad an equitable interest in the same land at the time ,of his death, the complainants are entitled to a. decree.
Then what are the facts ? .On the 24th of April, 1848, and before his marriage to the complainant, Rachel, Adbeel Coleman-mortgaged this land to " James. Ferguson, to .secure the payment of $2,910, with, a proviso or condition in the cj,ee.d, that if this $2,910 should be paid' .on or before the 24th of April, 1825, with lawful interest, to be paid annually, from 24th April, 1819, then the deed to be void/ The mortgage was not to secure the payment of the principal sum alone, but, also, to secure the annual payment of interest. On the 24th of April). 1820, the first installment of interest, fell due, but was'riot paid, and the condition was broken. . What is the consequence ?
Complainants’ counsel contend, that as. it .was'a simple 'security for the payment of a- debt, the mortgage is a mere incident to the debt, and that although the condition is broken, yet that the' legal title, to the land remains, as before, in the mortgagor. The modern.decisions and the decisions of this'.Court, to a certain extent, favor this opinion. It has been repeatedly held that an execution might be levied upon the land, the- mortgagor being in possession; that the mortgagor was to-'be.considered' as having the legal title. But it has never been so held but with this restriction: that as between the parties to a mortgage, the deed, after condition broken, becomes obsolete. As . to all the world but the parties, the legal title is considéred as in the mortgagor; but, as between the parties and those claiming under them, the legal title is'vested in the mortgagee., I *677 think I am not mistaken in saying, that such has been the uniform ' language of the Court; and, therefore, it is, that after •condition broken, the mortgagee may recover the possession of the land in an action of ejectment. Without the legal title, he could not so recover. Such being the law, it follows, that the condition being broken by the nonpayment of the interest which fell due on the 24th April, 1824, the legal title then became, as between Ferguson and Coleman, vested in Ferguson, and was never afterwards vested'in Coleman. It was after this period that his marriage vrith Rachel Rand took place, and during the coverture he had not an estate of inheritance in the land in which dower is demanded.
But during the coverture he had an equity — the equity of redemption. Did this equity continue in him at the time of his death? Wright, in 1821, acquired an interest by the assignment of the note and mortgage, and on the 2d of November, 1824, Coleman conveyed to him his interest in the land. That interest was nothing but an equity of redemption. In fact, it is apparent that the object was to convey or release this equity of redemption. But the language of the deed is broad and comprehensive enough to convey whatever interest he might have had in the property. His wife joined with him in this conveyance, undoubtedly supposing she had a right of dower, and intending to release that right. But now, supposing that there is some formal defect in the acknowledgment, she seeks to avoid the deed. She may, perhaps, avoid the deed, but if she does, it can do her no- good. ' She had not such an interest in the land, as that it was necessary.for her to join in the deed. Whether she could ever have an interest, depended ' upon the contingency that her husband should die possessed of an equity. Having but an equity, he could transfer it by his own deed, and, thereby, defeat his wife of dower. He did not wish to do this, however, without her consent, and, therefore, she joined him in the conveyance.
The complainant may, by possibility, be in a worse situation than she would have been had the equity of redemption not *678 been conveyed; but it is by no means certain. In such case, it is true, she would have been nominally entitled to dower, not because her bus band was seized of a legal estate during the coverture, but because he died possessed of an equity. But her dower would have been subject to the lien of the mortgage, inasmuch as that was a subsisting lien at the time of the marriage. If, upon sale under a decree of a court of chancery, .the mortgaged premises had been sold for the satisfaction of the debt secured, and any surplus remained after the satisfaction of the debt, of this surplus she might have claimed a share in virtue of her right of dower. Beyond this, she could claim nothing.
But it is claimed that the debt was paid , and the mortgage satisfied by the execution of the deed, which operates as a relinquishment of the equity of redemption, and that the widow is to have dower as of legal estate. Now, what was the real nature of the transaction ? The land had been mortgaged in 1818, to secure the payment of a debt. In 1824, the mortgagor became satisfied that it was of less value than the amount of the debt. An arrangement was made between the mortgagor and the assignee of the mortgage and debt, by which the mortgagor was to transfer his remaining interest in the land to the assignee, which was to be received in full satisfaction of the entire debt. This arrangement was carried into effect, and now this Court is called upon, not as a court of law, but as a court of equity, to say that the effect of this agreement was such as to restore the mortgagor to his legal estate, or, at least, so far to restore him as that his widow shall have dower. This may be equitable, but I do not understand how. On the contrary, it is clear to my mind that such decision would be manifestly inequitable and unjust.
And who is it that makes this claim upon the Court ? Not the “ lone widow,” the “ poor, unprotected female” The “ widow made no complaint while a ■“ widowthe “ female ” made no complaint while “ unprotected.” It is not the “ widow,” but it is Charles Band, the husband of that widow, who , *679 is calling for the equitable interference of this Court. And in order to obtain that interference, his wife is compelled to do an act which she did not do during her widowhood, that is, to deny her solemn deed, on the ground that a magistrate made a mistake in reducing the acknowledgment to writing. ’
Inasmuch as Adbeel Coleman had no legal estate in the land in which dower is demanded, during his coverture with the complainant, Rachel Rand, and inasmuch as he had no equitable interest in the same at the time of his death, she is not entitled to dower, and the bill must be dismissed at complainants’ costs.